DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARCH INSURANCE COMPANY,**
Appellant,

v.

**KUBICKI DRAPER, LLP,** a law firm,
Appellee.

No. 4D17-2889

[July 14, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Patti Englander Henning, Judge; L.T. Case No. 08 25361 (26).

Benjamin J. Biard and Brittany P. Borck of Winget Spadafora Schwartzberg, LLP, Miami, and Frank A. Shepherd and Lesley-Anne Marks of GrayRobinson, P.A., Miami, for appellant.

Christopher J. Lynch and Steven K. Hunter of Hunter & Lynch, Coral Gables, for appellee.

### *ON REMAND FROM THE SUPREME COURT OF FLORIDA*

GERBER, J.

In our original opinion, *Arch Insurance Co. v. Kubicki Draper, LLP*, 266 So. 3d 1210 (Fla. 4th DCA 2019) ("*Arch I*"), we affirmed the circuit court's final judgment granting the appellee law firm's motion for summary judgment, on the ground that the insurer lacked standing to maintain a legal malpractice action against the law firm hired to represent its insured, because the insurer was not in privity with the law firm. *Id.* at 1215. We also certified to our supreme court the following question of great public importance: "Whether an insurer has standing to maintain a malpractice action against counsel hired to represent the insured where the insurer has a duty to defend." *Id.*

On review, our supreme court rephrased the certified question as follows: "Whether the insurer has standing through its contractual subrogation provision to maintain a malpractice action against counsel

hired to represent the insured where the insurer has a duty to defend." *Arch Insurance Co. v. Kubicki Draper, LLP*, 46 Fla. L. Weekly S155, 2021 WL 2232083, at \*1 (Fla. June 3, 2021) ("*Arch II*"). After concluding that "the insurer has standing to maintain a legal malpractice action against counsel hired to represent its insured where the insurer is contractually subrogated to the insured's rights under the insurance policy," our supreme court answered the rephrased certified question in the affirmative, quashed *Arch I*, and remanded for proceedings consistent with *Arch II*. *Id.* at \*5.

Based on the foregoing, we reverse the circuit court's final judgment granting the appellee law firm's motion for summary judgment, and remand for proceedings consistent with *Arch II*.

*Reversed and remanded.*

FORST and KLINGENSMITH, JJ., concur.

\*　　　\*　　　\*